IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| KORASAN LLC dba MODA GINO'S,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL'S GUAM, INC., PICHET "PAUL" SACHDEJ, and AMARJIT "JIM" SACHDEV,<br><br>Defendants. | Superior Court Case No. <u>CV0755-17</u><br><br>**DECISION AND ORDER RE:**<br>**(1) PLAINTIFF'S MOTION TO COMPEL AND/OR EXCLUDE FINANCIAL STATEMENTS AND ECONOMIC DATA AND EXPERT REPORT;**<br>**(2) DEFENDANT'S MOTION TO ENFORCE DISCOVERY STIPULATION; AND**<br>**(3) PLAINTIFF'S MOTION TO VACATE DISCOVERY CUTOFF** |

The Court here considers three discovery-related motions : (1) Plaintiff Korasan LLC dba Moda Gino's Motion to Compel and/or Exclude Financial Statements and Economic Data and Expert Report; (2) Defendant Paul's Guam Inc., Pichet "Paul" Sachdej, and Amajit "Jim" Sachdev's Motion to Enforce Discovery Stipulation (collectively, "PGI"); and (3) Korasan's Motion to Vacate Discovery Cutoff. The Court disposes of each motion and sets this matter for trial.

## I.   PROCEDURAL BACKGROUND

Korasan's Complaint alleges Trademark Infringement, Violations of the Deceptive Trade Practices Act, and Tortious Interference with Contracts and Economic Expectancy.

**ORIGINAL**

The parties originally agreed that Korasan would designate experts by March 15, 2018, PGI would designate its experts by April 6, 2018, and all expert depositions would occur by April 30, 2018. *See* CVR 16.1 FORM 3 (Sept. 5, 2017). The parties later stipulated that the report for experts be extended to April 16, 2018, with expert depositions to occur by June 22, 2018. *See* Stip. Order Extension of Disc. and Expert Witness Disc. Deadlines of Cutoffs (Apr. 5, 2018). In a May 4, 2018, Stipulation (unsigned by the Court), PGI stated that it needed additional time to retain an expert, and the parties agreed that such report be due by June 11, 2018. *See* Stip. Extend Time Re: Expert Witness (May 4, 2018). The May 4 Stipulation further stated that "each parties' respective financial statements, economic data, or other documents provided to, or relied upon by, their respective expert witness will be disclosed and turned over to opposing counsel(s) within five (5) days after receipt of both the Court's approval of the instant Stipulation to Extend Time re Expert Witness and the Amended Joint Stipulated Protective Order." *Id.*

Korasan did not depose PGI's expert by June 22, 2018. On June 12, 2018, Korasan's counsel, Attorney Daniel Berman, wrote to PGI's counsel, Attorney Carlos Taitano, stating that Korasan had received PGI's expert report, but had not received financial statements, economic data, or other documents provided to or relied upon by the expert, Barry Wilson. *See* Decl. Pl.'s Counsel, Ex. G (July 17, 2018). On the same day, Mr. Taitano advised that the report included such information. *See* Decl. Pl.'s Counsel, Ex. H. Fourteen days later, and after the June 22, 2018 deadline for expert depositions passed, Mr. Berman responded to Mr. Taitano's June 12, 2018 correspondence, setting forth the basis for the present discovery dispute.

ORIGINAL

The trial for this case was originally set to begin on August 22, 2018. *See* CVR 16.1 FORM 2 (Sept. 5, 2018). While the Scheduling Order also set deadlines for discovery motions (Mar. 16, 2018) and dispositive motions (Apr. 6, 2018), the Court later approved vacating the March 16, 2018 discovery motion cutoff. *See* Stip. Order Extension of Disc. and Expert Witness Disc. Deadlines of Cutoffs. The Court, however, also re-emphasized the August 22, 2018 trial date. *See* Order Setting Case Schedule (Apr. 5, 2018). The Court vacated the trial date during the August 8, 2018 pre-trial conference. Subsequently, Judge Anita Sukola and then Judge Vernon Perez recused themselves. This Court was appointed and took all discovery motions under advisement on October 17, 2018.

## II.   KORASAN'S MOTION TO COMPEL

### A. Motion to Compel Discovery Standard

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. GRCP 26(b)(1). Relevant information includes that "reasonably calculated to lead to the discovery of admissible evidence." GRCP 26(b). If a party fails to respond to the requested discovery, the discovering party may move for an order compelling a response. GRCP 37(a)(2).

Prior to filing a discovery motion, the parties must also submit a Stipulation under CVR 37.1. Rule 37.1 aims to have the Court understand each discovery dispute in a succinct fashion. To that end, the rule specifies the formatting of the stipulation: "By way of example only, if the sufficiency of an answer to an interrogatory is in issue, the stipulation shall contain verbatim, both the interrogatory and the allegedly insufficient answer, followed by each contentions, separately stated." CVR 37.1.

ORIGINAL

The parties' CVR 37.1 here stipulation did not comply with this format; instead, the parties used the Stipulation to reargue their positions as already stated in their briefs, and not by reference to each discovery dispute. This worked to the detriment of the parties, as it became difficult and overly time-consuming for the Court to sift through the parties' positions, defeating the purpose of CVR 37.1. The parties are warned to strictly comply with CVR 37.1 in the future and to also consider availing of the Court's expedited discovery assistance.[1]

### B. Financial Statements and Economic Data Relied Upon By Experts

The parties agreed to exchange financial statement and economic data provided to or relied upon by their experts. Because PGI entered into this agreement, if any further documents fall under the stipulation but have not been produced or are not produced in the next five business days, such documents will not be permitted at trial. The Court therefore GRANTS this request.

### C. Korasan's Request Nos. 10, 11, 12, 13, 7

The above-referenced requests are reasonably calculated to lead to the discovery of admissible evidence. The Court therefore GRANTS this request. PGI will not be permitted to introduce any documents at trial that are not produced within the next five business days.

### D. PGI's 2012 Tax Return & Other Tax Returns

If Wilson relied upon PGI's 2012 Tax Return, or any other tax return, for his report, such documents must be produced, per the agreement of the parties and Guam Rule of Civil Procedure 26. The Court therefore GRANTS this request. Documents not produced within the next five business days will not be permitted at trial.

---

[1] http://www.guamcourts.org/Civil-Justice-Reform/images/JEMI-General-Order-MCCP.pdf.

ORIGINAL

### E. Net Worth of PGI

Korasan asks that PGI produce evidence of PGI's net worth so that Korasan can present its claim for punitive damages. If such information was relied upon by PGI's expert, it must be produced as explained above. Beyond production within the category of expert discovery, Korasan has not identified any other discovery request that alerted PGI to produce this information, and PGI denies Korasan made such a request. *See* PGI Opp'n at 10. If such information was not relied upon by PGI's expert, and Korasan has not otherwise requested this information, then Korasan's request is DENIED.

### III. PGI'S MOTION TO ENFORCE DISCOVERY STIPULATION

PGI's Motion to Enforce the parties' discovery stipulation is a re-argument of the merits of Korasan's Motion to Compel. This is foremost evident by the headings of the Motion to Enforce, each of which argues for the denial of Korasan's Motion to Compel.

The Motion to Enforce Discovery Stipulation is therefore an inappropriate attempt to present further arguments in support of PGI's positions. The Court DENIES the Motion to Enforce on this basis.

### III. KORASAN'S MOTION TO VACATE DISCOVERY CUTOFF

Korasan's Motion to Vacate seeks a further opportunity for Korasan to conduct discovery, including to take an expert deposition, given that the trial dates had been vacated by the recusal of the two previously assigned judges. However, the Court has resolved the outstanding discovery issues and is ready to set this matter for trial.

Moreover, Korasan did not request to depose PGI's expert until after the June 22, 2018 deadline, even though it was aware that PGI disputed the need to produce additional documents.

ORIGINAL

Also, prior to the expert deposition cutoff, Korasan did not file a timely motion to extend this particular deadline. The Court therefore does not find Korasan has demonstrated the requisite diligence to justify more time to conduct expert discovery.

For these reasons, other than as established in this Decision and Order, no further discovery cutoffs will be set and Korasan's Motion is DENIED.

## IV.     ATTORNEY'S FEES

Both parties seek attorney's fees and costs for their respective motions and adverse positions. If a discovery motion is granted, the Court shall require the party whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the movant's reasonable attorney's fees and expenses. If the motion is denied, the Court shall require the movant to pay the atorney's fees of the party opposing the motion. In the circumstance of a motion granted and denied in part, the Court may allocate expenses and costs. GRCP 37(a)(4).

For each of the motions decided herein, the prevailing party may file a statement of reasonable expenses. The Court will pay close attention to the statements and supporting documents to ensure that they relate to the work conducted on the motion which that party prevailed on.[2] Statements that do not demonstrate a clear connection to a prevailing position will be deemed unacceptable. Such statements are due no later than January 18, 2019.

## V.     CONCLUSION

---

[2] As previously discussed, the Court finds the CVR 37.1 Stipulation to be non-compliant with the rule and will likely not award expenses incurred to prepare that stipulation.

The Court GRANTS IN PART and DENIES IN PART Korasan's Motion to Compel.

The Court DENIES PGI's Motion to Enforce on procedural grounds.  The Court DENIES

Korasan's Motion to Vacate Discovery Cutoff.

SO ORDERED this 3rd day of January 2019.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the
original hereto was placed in the
court box of:

Date: 1/3/49  Time: 3pm

Deputy Clerk, Superior Court of Guam

ORIGINAL